6

FILED

DEC 3 - 2008

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:                                    ) Chapter 7
                                          )
                                          ) No. 4:08-bk-02510-EWH
JASON POLKUS and                          )
JAMIE POLKUS,                             )
                                          )
                                          ) **MEMORANDUM DECISION**
                Debtors.                  )
_____ )

## I. INTRODUCTION

The Debtors effectively rescinded a reaffirmation agreement on their truck by timely giving oral notice of the rescission to the creditor. The reasons for this conclusion are explained in the balance of this decision.

## II. FACTS AND PROCEDURAL HISTORY

On March 12, 2008, the Debtors filed their Chapter 7 bankruptcy petition. On May 18, 2008, the Debtors entered a Reaffirmation Agreement ("Reaffirmation Agreement") with Altier Credit Union ("Altier") regarding a 2006 Nissan Truck ("Truck"). On June 16, 2008, Altier filed the Reaffirmation Agreement with the court. Three days after the Reaffirmation Agreement was filed, the Debtors called Altier to advise them they wished to return the Truck and cancel the Reaffirmation Agreement. An agent of Altier took possession of the Truck at some point on or after June 20, 2008. Altier remains in possession of the Truck. Debtors received a Chapter 7 discharge on July 21, 2008. On August 22, 2008, sixty-seven days after filing the

Reaffirmation Agreement with the court, the Debtors filed a notice of rescission and a motion to withdraw the Reaffirmation Agreement. Altier responded by filing an objection to the Debtors' motion on the grounds that rescission of the Reaffirmation Agreement was untimely and that Altier had not been properly noticed in writing of the Debtors' recision. A hearing on the Debtors' motion was held on October 23, 2008, at which time the court took the matter under advisement.

## III.  ISSUE

Can a debtor orally give notice to a creditor of rescission of a reaffirmation agreement?

## IV.  STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(A).

## V.  DISCUSSION

The Bankruptcy Code provides that a reaffirmation agreement is enforceable only if "the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim." 11 U.S.C. § 524(c)(4).[1] Debtors argue that because § 524(c)(4) does not explicitly include a requirement that notice of rescission be in writing, oral notice to creditors is sufficient.[2] Debtors' argument hinges on the meaning of the phrase to "give notice."

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The Federal Rules of Bankruptcy Procedure, Rules 1001-9037, are referred to as Rules.

[2] The Debtors did provide written notice of rescission to Altier on August 22, 2008. However this notice clearly was untimely as it was not given within 60 days of filing the Reaffirmation Agreement or prior to entry of discharge. 11 U.S.C. § 524 (c)(4).

2

In construing the meaning of a statute, the starting point is the plain meaning of the statute's language. United States v. Tobeler, 311 F.3d 1201, 1203 (9th Cir. 2002). "Notice" is not defined by the bankruptcy code; accordingly, the Court may consider dictionaries in order to determine the plain meaning of the term. Ariz. Health Care Cost Containment Sys. v. McClellan, 508 F.3d 1243, 1249-50 (9th Cir. 2007). Black's Law Dictionary defines "notice" as:

> Legal notification required by law or agreement, or imparted by operation of law as a result of some fact (such as the recording of an instrument); definite legal cognizance, actual or constructive, of an existing right or title.... A person has notice of a fact or condition if that person (1) has actual knowledge of it; (2) has received a notice of it; (3) has reason to know about it; (4) knows about a related fact; or (5) is considered as having been able to ascertain it by checking an official filing or recording. 2. The condition of being so notified, whether or not actual awareness exists.... 3. A written or printed announcement.... Cf. KNOWLEDGE.

Black's Law Dictionary 1087 (7th ed.1999).

Accordingly, "notice" can refer to transmitting a fact either orally or in writing. See In re Rincon Island Ltd. Partnership, 253 B.R. 880, 886-887 (Bankr. C.D.Cal. 2000) (interpreting the notice requirements of § 546(b), the court held that the plain meaning of "giving notice" is to inform or to provide information and nothing more). The Sixth Circuit B.A.P. has reached a similar conclusion. See In re Booth, 242 B.R. 912, 916 (B.A.P. 6th Cir. 2000). The Booth court found that § 524 does not require that notice of rescission of a reaffirmation agreement be in writing; it simply requires that notice of rescission be given to the creditor. Id. The Booth court also held that parties to a reaffirmation agreement could negotiate a provision requiring that the debtor's rescission of the agreement be in writing. Id. In this case, however, the only provision in the Reaffirmation Agreement regarding notice states, "To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled)." (Reaffirmation Agreement, dk. 19, pg. 4, para. 4). There is no requirement in the Reaffirmation Agreement that notice be in writing. Also, there is no

3

1  question that Altier had actual knowledge or reason to know that the Debtors had rescinded

2  the Reaffirmation Agreement because Altier repossessed its collateral, with the Debtors'

3  consent, after the Debtors gave oral notice of their decision to rescind.

4      Altier contends, however, that the noticing provisions in § 342 apply to § 524(c)(4) and,

5  therefore, notice of rescission must be given in writing.  Section § 342 includes several

6  provisions concerning debtors' obligations to give notice to creditors.[3]  Specifically,

7  § 342(c)(1) provides:  "If notice is required to be given by the debtor to a creditor under this

8  title, any rule, any applicable law, or any order of the court, such notice shall contain the

9  name, address, and last 4 digits of the taxpayer identification number of the debtor."

10 However, the language of § 342(c)(1) does not require that the information be conveyed by

11 written notice.  In contrast, § 342(b) explicitly requires the Clerk provide "written notice" in

12 certain situations.  Had Congress intended to require written notice in § 342(c)(1), it could

13 have done so expressly, as it did in the immediately preceding subsection.  "[Where]

14 Congress includes particular language in one section of a statute, but omits it in another

15 section of the same Act, it is generally presumed that Congress acts intentionally and

16 purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23

17 (1983) (quoting United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1974)).  Congress

18 could have explicitly included a written notice requirement within § 342(c)(1), but did not.

19     However, both § 342(c)(2) and § 342(e) require, in certain situations, that notice be

20 sent by a debtor to a specified address.  The requirement that notice be sent by the debtor to

21 a specific address arguably creates an implicit written notice requirement. American Bankers

22 Ass'n v. Gould, 412 F.3d 1081, 1086 (9th Cir. 2005) (citing Food & Drug Admin. v. Brown &

23 Williamson Tobacco Corp., 529 U.S. 120, 133 (2000) (holding that the words of the

24 Bankruptcy Code must be read in context and with a view to their place in the overall

25

26 _____

      [3] 11 U.S.C. § 342 was amended in 2005 when Congress passed the Bankruptcy Abuse
27 Prevention and Consumer Protection Act, Pub. L. 109-8.

28                                          4

statutory scheme)).  However, both § 342(c)(2) and § 342(e) require a creditor to take specific

action before the requirement that written notice be sent by the debtor is triggered.

Section 342(c)(2) requires notice be sent to a specific address, but only if within 90 days of

the petition date the creditor supplied the debtor with at least two communications which

provided the address where the creditor wished correspondence to be sent.  In this case,

there is no evidence that Altier sent the Debtors the communications necessary to invoke

§ 342(c)(2).

Section 342(e) allows a creditor to file with the court and serve on the debtor an

address to be used when noticing the creditor.  Section 342(e) requires that the creditor's

address request must be both filed with the court and <u>served on the debtor</u> to be operative.

(emphasis added). There is no evidence that Altier served on the Debtors notice of the

address it requested be used for providing notice.[4]  Therefore, § 342(c)(2) and § 342(e) are

not applicable to this case.

Additionally, at an October 23, 2008, hearing in this case, counsel for Altier argued that

any notice given by the Debtors was not effective because it was not given to a person or

department responsible for receiving notice as required by § 342(g)(1).  However, § 342(g)(1)

only applies to notices that are not given in accordance with the other requirements of § 342

and further only apply if the creditor has established reasonable procedures to deliver notices

to responsible persons or departments.  Altier has not established that the notice given in this

case was not in accordance with the requirements of § 342 or that it has established

reasonable procedures for delivery of notices.  Section 432(g)(1), therefore, cannot be the

basis for requiring a written notice of rescission from the Debtors to Altier.

---

[4] The court takes judicial notice that no docket entries show the Debtors were served with notice of address as required by § 342(e). <u>See</u> <u>State of Florida v. Charley Toppino & Sons, Inc.</u>, 514 F.2d 700, 704 (5th Cir. 1975)(holding the court may take judicial notice of its own orders and of records in a case before it).

5

## VI. CONCLUSION

The noticing requirements of § 524(c)(4), when read in context with § 342, do not require a debtor to give written notice of rescission of a reaffirmation agreement unless the creditor has complied with the requirements of § 342(c)(2) or § 342(e). In this case, because Altier did not comply with the requirements of § 342(c)(2) or § 342(e), oral notice by the Debtors of rescission of the Reaffirmation Agreement is sufficient. Therefore, creditor's objection to Debtors' rescission of the Reaffirmation agreement is DENIED.

DATED: December 3, 2008.

Eileen W. Hollowell
U.S. Bankruptcy Judge

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Jason M. Polkus
Jamie L. Polkus
34691 N. Mashona Trail
Queen Creek, AZ 85243

Gayle Eskay Mills
P.O. Box 36317
Tucson, AZ 85740

Haines Meyer, Esq.
Meyer Law PC
1425 W. Elliot Rd. #105
Gilbert, AZ 85233

Alan M. Levinsky, Esq.
Buchalter Nemer
16435 N. Scottsdale Rd., Suite 440
Scottsdale, AZ 85254-1754

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003

6